EDENS v. THE HANNIBAL & ST. JOSEPH RAILROAD COMPANY,
*Appellant.*

1. **Pleading**: NEGLIGENCE. Whatever is the real ground of complaint ought to be distinctly stated in the petition. Hence, in an action against a railroad company to recover for injuries alleged to have been sustained through the company's negligence, if the negligence consisted in having a defective sand-box on the engine and in keeping a defective frog in the track, the petition should not charge negligence in running the cars. (Following *Waldhier v. Railroad Co.*, 71 Mo. 514.)

2. **Misconduct of Judge of Trial Court.** The court disapproves the language in which the circuit judge urged the jury in this case to agree upon a verdict, as being manifestly prejudicial to the defendant.

*Appeal from Jackson Circuit Court*—HON. S. H. WOODSON, Judge.

REVERSED.

After the jury had been out several hours, they came into court and announced that they were unable to agree. The judge then spoke to them of the time that had been consumed in the trial of the case, and discharged them until next morning, telling them : "Gentlemen, come back to-morrow morning with a determination to compromise." When they came into the box next morning, the court again spoke to them of the great importance to the parties and to the county, that they agree upon a verdict, telling them orally, "that many things juries were authorized to compromise, such as amounts, that very seldom twelve men went into the jury room with the same notions as to amounts, and compromises were necessary," and directed them to retire and make a verdict. To this action of the court the defendant excepted.

*George W. Easley* for appellant.

*Belch & Silver* for respondent.

HOUGH, J.—The material portion of the petition in this case, is as follows: "That on or about the 9th day of February, 1873, in the City of Kansas, Jackson county, Missouri, the defendant, not regarding its duty, and by reason of its negligence and carelessness, plaintiff was run against by one of defendant's cars, thereby throwing plaintiff upon the rail of the defendant, the said car of defendant then and there ran upon and over plaintiff. That plaintiff was then and there, by reason of the carelessness and negligence of defendant as aforesaid, broken and mutilated as to his right leg, to such an extent as to require its immediate amputation in order to save the life of the plaintiff, thereby permanently disabling him, in all which he has sustained great loss and damage, as well in the permanent mutilation of his body as aforesaid, rendering him unable to work, and also in the great expense to which he has been subjected, and the great pain which he has suffered and still suffers, by reason of said negligence and carelessness of defendant." The natural and legal signification of the foregoing petition is, that the defendant was guilty of negligence in running the car or cars, which collided with plaintiff and ran over him. The court submitted to the jury the question of defendant's negligence in having a defective sand-box on the engine, and in keeping a defective frog in its track. If the real ground of complaint was that the machinery or track was defective, it should have been distinctly stated in the petition. The plaintiff was not entitled to recover upon a cause of action not stated in his petition, and the court erred, therefore, in submitting to the jury issues which were not raised by the pleadings. *Waldhier v. H. & St. Jo. R. R.*, 71 Mo. 514; *Buffington v. A. & P. R. R.*, 64 Mo. 246.

That the motive which prompted the circuit judge to urge the jury to agree upon a verdict, was a commendable one, we do not doubt, but we cannot approve the language in which his desire was communicated to them. It was

manifestly prejudicial to the defendant. The judgment will be reversed and the cause remanded. All concur.