ANNA OTTO, Respondent, v. ST. LOUIS, IRON MOUNTAIN AND SOUTHERN RAILWAY COMPANY, Appellant.

### May 2, 1882.

1. No question of the plaintiff's capacity to sue is raised upon a record which neither shows an allegation nor a denial of the plaintiff's minority, but which does show the appointment of a next friend.

2. A petition which describes the act which caused the injury, and alleges that it was negligently done, is sufficient.

3. The ground of complaint being negligence, a petition containing a general allegation of negligence without particularly specifying the facts constituting it, is not fatally defective.

4. If a party desires more explicit instructions than those given, he should ask for them; and want of explicitness is not ground for a reversal if the instructions are substantially correct.

5. It is not necessary, in an action for damages for injuries received while on the street, to show a formal acceptance of the dedication of the ground to public use.

6. If the street on which the accident occurred had been dedicated to public use as a street, and was in use as such at the time of the injury, the defendant's right thereon is not exclusive.

APPEAL from the St. Louis Circuit Court, ADAMS, J.
*Affirmed.*
BENNETT PIKE, for the appellant.
FINKELNBURG & RASSIEUR, for the respondent.

LEWIS, P. J., delivered the opinion of the court.

The petition in this case is as follows : —

" Plaintiff states that defendant is a body politic, duly incorporated by the state of Missouri, and engaged in the transportation of passengers and freight in cars propelled by steam, over certain lines of railway by it owned and controlled, between the city of St. Louis and points south thereof ; that defendant uses its cars and locomotives within the limits of the city of St. Louis, and has constructed divers railway tracks across and along streets of said city, among others along Front Street, sometimes called Main Street, in the southern part of said city, which is a public street, highway, and thoroughfare of said city, dedicated to the use of its citizens.

" Plaintiff states that, on the morning of the eighteenth day of June, 1880, while plaintiff, the said Anna, was walking along said Front or Main Street, between Clement and Bryan Streets, as she lawfully might do, defendant, in an unlawful manner, caused one of its locomotives and train of cars to be run and conducted along and over said Front or Main Street in so negligent, careless, and reckless a manner as to strike and run over plaintiff Anna, without any negligence on her part contributing thereto.

" Plaintiff further states, that no bell was rung on said locomotive or train of cars while running over said public street, as so required by proper and prudent management, and that said train was permitted to run along said street at a much greater speed than six miles per hour, and without giving any signal or warning of its approach.

"And plaintiff further states, that in wrongfully causing and permitting said cars to run along said public thorough-

fare as aforesaid, defendant also violated the provisions of ordinance No. 10,305 of the city of St. Louis, entitled 'An ordinance to regulate the speed, within the limits of the city of St. Louis, of cars and locomotives propelled by steam power,' approved January 22, 1877, by which it is provided that when running within the limits of the city of St. Louis, the bell of the engine shall be constantly sounded.

" Plaintiff states, that by reason of the neglect, careless and unlawful conduct of defendant in running said locomotive and cars against and over her as aforesaid, plaintiff was greatly and permanently injured in her body ; that her head was severely wounded and injured ; that she sustained great internal injuries ; that her mind and reason have been affected ; that she suffered great bodily pains, incurred expenditures for doctor's bills, medicines, and nurses, in the amount of $100, and has been permanently disabled from following any occupation in life, and deprived of the full use of her physical and mental faculties, wherefore plaintiff says she has been damaged in the sum of $10,000, for which sum she now prays judgment, and for her costs."

The answer was a general denial, with the charge of contributory negligence in the plaintiff. The verdict was for the plaintiff in the sum of $1,500.

The defendant objects that " the petition alleged the minority of plaintiff, but did not allege the appointment of next friend, nor was there any proof of the same." This seems to be a mistake. The petition nowhere, not even in the caption, alleges that the plaintiff is a minor. Such an allegation was not necessary. The record shows the due appointment of a next friend of the plaintiff, as a minor, and there was no more need for repeating the fact in the petition, than there would be for alleging the service of summons on the defendant. The facts, in either case, simply go to show the court's jurisdiction over the persons of the parties, and have otherwise nothing to do with the right of recovery. The plaintiff's personal right to sue is always

presumed, until something is properly alleged against it by way of denial or otherwise. In *Sherman* v. *Railroad Company* (72 Mo. 62), the plaintiff's right to sue as guardian was distinctly put in issue by the answer. In *Porter* v. *Railroad Company* (60 Mo. 160), the plaintiff's minority and the appointment of a next friend were alleged in the petition, and denied in the answer. In either case the judgment was reversed, because the plaintiff had offered no proof to sustain his side of the issue. The question does not arise in this case, where there is neither allegation nor denial on the subject.

It is contended for the defendant that the plaintiff can have no right of recovery under the petition, unless it is shown that her injuries were directly caused by the failure of defendant's servants to ring a bell while the locomotive was running over the public street, or by the unlawful running of the train at a speed greater than six miles per hour. The point is made that, except as to these specific acts or omissions, the only charge in the petition is the general one of negligence in running and managing the train, which is too indefinite to warrant a recovery. The fault in this argument begins with the assumption that a mere general allegation of negligence, without the specific facts constituting it, whereby injury was caused to the plaintiff, must be fatally defective. The idea seems to be derived from a *dictum* in *Waldhier* v. *Railroad Company* (71 Mo. 514), where the question involved was not before the court. The petition in that case did contain the specific fact constituting the negligence which caused the damage, but the ground of reversal was a variance between the allegation and the proof, as elucidated by an instruction to the jury. If this be a binding authoriy for the defendant's general proposition, then the later decision in *Edens* v. *Railroad Company* (72 Mo. 212) is also an authority for the contrary. There, the petition contained only a general

charge of " negligence in running the cars," without any specified act or admission in which this negligence was shown. The court reversed the judgment because of a variance between the allegations and the proofs, but gave no hint of any objection to the framing of the petition. All the direct authorities, however, upon the question before us, are uniformly to the effect that " it is not necessary to set out the facts constituting the negligence complained of. An allegation specifying the act constituting the injury, and alleging that it was carelessly and negligently done, is sufficient." 2 Thomp. on Neg. 1246, sect. 26 ; 2 Redf. on Rys. 601 ; *Ware* v. *Gay*, 11 Pick. 106 ; *Edgerton* v. *Railroad Co.*, 35 Barb. 389 ; *McCauley* v. *Davidson*, 10 Minn. 418 ; *Railroad Co.* v. *Mathias*, 50 Ind. 66 ; *Railroad Co.* v. *Keely*, 23 Ind. 133 ; *Railroad Co.* v. *Selby*, 47 Ind. 471 ; *Railroad Co.* v. *Nelson*, 51 Ind. 150 ; *Kessler* v. *Leeds*, 51 Ind. 212 ; *Grinde* v. *Railroad Co.*, 42 Iowa, 376.

In *Waldhier* v. *Hannibal and St. Joseph Railroad Company* (71 Mo. 514), to which we are referred, the petition alleged that the defendant's negligence which caused the plaintiff's injury, consisted " in having and using defective machinery," and " in running and managing its railroad and cars." The testimony tended to show that the accident resulted from a broken frog in the track, and the jury were instructed that proof of this defect would be sufficient, as to the negligence which caused the injury. The judgment was reversed because the instruction " authorized the jury to find a verdict for the plaintiff on a cause of action not stated in the petition." The broken frog had no connection with the machinery, or with the running and managing of the cars. The case of *Price* v. *St. Louis, Kansas City and Northern Railway Company* (72 Mo. 414) was similar. The petition charged that the plaintiff was injured " by the fault of defendant in not stopping the motion of the train a reasonable time to admit of plaintiff's leaving said cars." The court held

that the plaintiff could not, under this allegation, recover upon proof that the injuries were sustained, by reason of the defendant's failure to keep the platform lighted.

Between these cases and the case at bar, there is a very material difference. The petition here charges, in general terms, that the defendant "caused one of its locomotives and train of cars to be run and conducted * * * in so negligent, careless, and reckless a manner, as to strike and run over plaintiff Anna, without any negligence on her part," etc.; and, further, that "by reason of the negligent, careless, and unlawful conduct of defendant in running said locomotive and cars against and over her as aforesaid, plaintiff was greatly and permanently injured," etc. Here is no allegation that the defendant's negligence, which caused the injury, consisted in the failure to ring a bell, or in the running faster than six miles per hour, or in any other specific act or omission. There are allegations that no bell was rung, and that the train was run at a greater speed than six miles per hour. But these appear as independent statements of fact, and of violations of law. No word is used to show that these facts were the direct or indirect causes of the disaster, or that they constituted the practical development of the negligence charged. It is conceded that no limitation of six miles per hour was imposed by law, and that the allegation in that connection was immaterial for any purpose. The jury were instructed to that effect. The allegation might properly have been treated as surplusage, and stricken out. Nothing, therefore, appears in this allegation to interfere with the plaintiff's recovery on the general charge of negligence in running the train.

The charge as to failure to ring the bell is equally harmless. The omission to perform a statutory duty is, in such cases, usually called negligence *per se*. But this definition applies rather to the consequences, and to the measure of responsibility, than to the nature of the act. Negligence strictly speaking, means heedlessness, — inattention. The

violation of a statutory duty implies a wilful refusal to perform it. Thus, while the legal consequences may be identical, it does not follow that the derelictions in the two cases are one and the same. A petition may properly charge general negligence in running the train, *and also*, that the defendant violated a statutory duty in the same, or in some other matter, without necessarily implying that the one and the other were inseparable. Such is a fair construction of the petition before us, and such was evidently the intention of the pleader. It is not meant that the failure to ring the bell was the substantial act of negligence, and the only one that caused the injury. But in each of the cases cited, the specific act, to which the supreme court confined the plaintiff's right of recovery, was directly connected by apt words with the negligence charged, and as the immediate cause of the injury. We think, therefore, that, in harmony with all the adjudications above cited, the plaintiff was entitled to prove, under this petition, any proper elements of general negligence, as charged, in the running and managing of defendant's train, whereby injury was caused to the plaintiff.

The defendant endeavors to show from the testimony on the trial, that there was no negligence or want of caution, in fact, on the part of the persons in charge of the train, and that the plaintiff was chargeable, even for one of her years, with contributory negligence. There were some conflicts in the testimony on these points, but there was certainly substantial evidence tending to support the verdict. It is not claimed that there was any error in the instructions on this subject, except in so far as they were affected by the objections herein above considered. The jurors were proper judges of the credibility of the witnesses, and their conclusions cannot be disturbed.

The defendant complains of an instruction given, as follows: —

" If the jury believe from the evidence that Front Street,

between Bryant and Clement Streets, in the city of St. Louis, was, in the year 1852, dedicated by the owners of the ground to the city of St. Louis, for a public use by the citizens of said city for travel prior and up to the day of the injury complained of, then the jury are instructed that the right on the part of the defendant to run along said street is not an exclusive one."

We find nothing objectionable in this instruction.   It was not necessary to prove a formal acceptance, by the city, of the dedication.   The language is clearly not, as the defendant contends, open to the construction that " the plaintiff had an equal right on the portion of said space covered by the tracks of the defendant, with the defendants ; " or that " her rights were not subordinate on the said tracks to that of the defendant to run its trains."   If the defendant desired more explicit declaration, showing the subordination of the plaintiff's right to occupy the track to that of the defendant, it was competent to ask an instruction to that effect.   In the instructions refused to the defendant, we find nothing to which it was entitled, that does not appear in the instructions given.   We think the cause was fairly tried, and the judgment must be affirmed.   All the judges concur.