ELY v. THE ST. LOUIS, KANSAS CITY & NORTHERN RAILWAY
COMPANY, *Appellant.*

1. **Practice**: INSTRUCTIONS MUST RELATE TO THE PLEADINGS: RAILROAD.
It is a fatal error to submit to the jury by instruction a case not
made in the pleadings. Hence, where the petition in an action
against a railroad company for personal injuries alleged as the ground
of plaintiff's claim, negligence on the part of the company in run-
ning its train over a portion of its track which had been undermined
and rendered dangerous by a flood of water; and the court upon
the trial gave an instruction which permitted a recovery for defects
in the road-bed or in the ties or materials used on the road. *Held*,
that the judgment must be reversed.

2. **Railroads**: SUBSEQUENT FACTS NOT TO BE CONSIDERED BY THE JURY.
In an action against a railroad company for injuries sustained by a
passenger in an accident caused by an embankment on the compa-
ny's road being undermined by a rain-storm of unprecedented vio-
lence, it appearing that since the accident the embankment had
been so altered as to provide against a recurrence of such storms,
the company asked, but the trial court refused, an instruction that
the jury were not to take this fact into consideration. *Held*, that
this was error.

*Appeal from Livingston Circuit Court.*—HON. E. J. BROADDUS,
Judge.

REVERSED.

*Chas. A. Winslow* with *Wells H. Blodgett* and *Prosser
Ray* for appellant.

*Hale & Son* for respondent.

NORTON, J.—This is an action for personal injuries to
Josephine Ely, commenced in the circuit court of Carroll
county, and moved by change of venue to Livingston,
where upon a trial of the cause plaintiffs obtained judg-
ment, from which defendant has appealed.

Omitting the formal parts of the petition, after alleg-
ing that said Josephine Ely was a passenger on defendant's
train, it avers as the cause of action the following: That

at a point in Chariton county on defendant's road near Salisbury, there had been, on the evening of September 5th, aforesaid, a flood in the water courses along the line of said road, which had undermined and weakened the road-bed, bridges and culverts on said road, whereby the same was rendered unsafe and dangerous for the passage of trains; that notwithstanding the condition of said road, defendant, by its servants, agents and employes, negligently and carelessly attempted to run the train, on which said Josephine had taken passage, over that part of said road which had been so rendered unsafe and dangerous; and when said train reached that part of said road, by reason of said injury to the track, culverts and bridges aforesaid, and the negligence and carelessness of defendant as aforesaid, and the giving away of the embankments, culverts and bridges as aforesaid, said train was thrown from the track, overturned and demolished, including the car in which said Josephine was riding; and that said Josephine was thereby, and by reason of the facts and acts aforesaid, greatly wounded, bruised and injured, and suffered severe pain in body and mind, and was made and is sick and sore and suffered severely, and has sustained lasting and permanent injury, for which damages in the sum of $20,000 is asked.

Among other errors assigned by defendant is the action of the court in giving the following instruction: 4. It was the duty of the defendant to provide a road adapted to the safe passage of the trains over it; and if the jury believe from the evidence that there was any defect in the construction of the road-bed, or in the character of the ties or other material then in use on said road, which defect might have been discovered by the exercise of the care, caution, prudence. skill and foresight indicated in the first instruction, and which alleged defect contributed in whole or in part to the alleged accident, and the plaintiff was injured thereby, then they will find for the plaintiff.

1. PRACTICE: instructions must relate to the pleadings: railroad.

This instruction is excepted to on the ground that it authorized the jury to find a verdict on a cause of action not stated in the petition, and we are of the opinion that the exception is well taken. It will be observed that after the declaration of a correct abstract principle, viz : "that it was the duty of defendant to provide a road adapted to the safe passage of trains over it," the instruction predicates a right of recovery on a case not made by the petition, in this, that it tells the jury to find for plaintiff if they believed there was any defect in the construction of the road-bed or in the character of the ties or other materials then in use on said road, which defect contributed in whole or in part to the accident and injury to plaintiff. No such case as is made by the instruction is made in the petition. The cause of action stated in the petition is not for any defect in the construction of the road-bed, nor in the ties or materials used on said road, but the injury for which plaintiffs sue is alleged to have been occasioned by the negligence of defendant's servants in running its train over the road at a point near Salisbury, where, it is averred, it had been rendered dangerous and unsafe by a flood of water, which, on the night of the accident, had undermined and weakened the road-bed, bridges and culverts. Plaintiffs, in their petition, base their right to recover for negligence in running its trains over a portion of the road rendered dangerous by reason of having been undermined by a flood of water, while the instruction authorizes a recovery for an injury arising out of defective construction or defective ties or materials used on said road, and under the rulings of this court in the cases of *Waldhier v. Hannibal & St. Jo. R. R. Co.*, 71 Mo. 514 ; *Price v. St. Louis, K. C. & N. R'y Co.*, 72 Mo. 414 ; *Edens v. Hannibal & St. Jo. R. R. Co.*, 72 Mo. 212, and *Bullene v. Smith*, 73 Mo. 151, it is reversible error to submit to the jury by an instruction a case not made in the petition.

It is also insisted that the court erred in refusing the following instruction on the part of defendant : 12. It

**2. RAILROADS: subsequent facts not to be considered by the jury.** was the duty of the defendant, after the rain-storm which occasioned the disaster at its embankment near Salisbury in September, 1876, to so change or alter said embankment as to provide against a recurrence of similar storms; and if it appears from the testimony that defendant caused said embankment to be altered or changed for such purpose, such testimony should not be taken into consideration in this case by the jury in determining whether said embankment was properly constructed and sufficient to withstand and turn back, and had withstood and turned back, all floods that had occurred since the construction of the road, or that might reasonably, within the experience of those living in that locality, be expected to occur.

It appears from the evidence in this case that the rain-storm on the night of the disaster was wholly unprecedented in violence and the quantity of water which fell during its continuance, and was on that account of such a character that defendant in the construction of its road-bed was not required to anticipate or provide against it, and if after the occurrence defendant, out of abundant caution, altered its road-bed so as to provide against injury from the recurrence of such a storm, which might or not again occur, such fact was not a proper one to be taken into consideration by the jury, in determining the question whether the embankment at the point of the accident was sufficient to withstand and turn back all floods that had occurred since its construction, or that might reasonably, within the experience of those living in that locality, be expected to occur. We are of the opinion that the instruction should have been given, since evidence was received to the effect "that after the accident a new pile bridge had been built where the old one was."

It is also insisted that the court erred in submitting the question of negligence to the jury because there was no evidence of it. The case of *Ellet v. St. Louis, K. C. & N. R'y Co.,* 76 Mo. 518, was a suit for the recovery of dam-

ages occasioned by the same accident, and the evidence, which is clearly and accurately set forth in the opinion, is substantially the same as in the case now before us, and the identical question here presented was there considered, and it was held that no error was committed in that respect. Judge HOUGH, speaking for the court: " If the engineer had reason to believe that the water had been higher than it was when he reached the pond, or that it had remained at the height at which he saw it, long enough to soften the earth upon which the ties rested, which, according to the testimony of the experts, would have been an hour or an hour and a half, then although the ties were in place and the rails in line, it would have been his duty to have inspected or tested the track before venturing over it with his train. On the other hand, if the engineer had no reason to believe that the water had been higher than he saw it, or that it had remained where it was long enough to soften the earth under the ties, and he saw the ties in place and rails in line, then, according to the testimony of all the experts, he was not guilty of negligence in attempting to take his train over the embankment. This is a question of fact for the jury."

The case in all other respects, except those above noted, seems to have been well tried, but for the errors herein pointed out the judgment will be reversed and the cause remanded, in which all concur, except RAY, J., not sitting.