WILLIAM H. BROWN, Respondent, v. MISSOURI PACIFIC RAILROAD COMPANY, Appellant.

March 27, 1883.

1. DAMAGES — NEGLIGENCE. — In an action against a railroad for damages by fire, testimony that sparks were seen to escape from the defendant's locomotive and set fire to the plaintiff's property makes out a *prima facie* case.

2. —— Where the plaintiff in such an action makes out a *prima facie* case, and the uncontradicted testimony of defendant's witnesses was that it employed the most improved spark arresters on its locomotive, the question of negligence is for the jury.

3. INSTRUCTIONS — PRACTICE. — If the instructions given are correct, are applicable to the facts, and are not fairly open to misconstruction, that they are not more full is not ground for a reversal of the judgment.

4. —— If the instructions given are not full and definite it is the duty of counsel to ask for further instructions at the trial.

5. PRACTICE. — If there is substantial evidence to support the verdict, the weight of evidence is solely for the jury and the trial court.

APPEAL from the St. Louis County Circuit Court, ED-WARDS, J.

*Affirmed.*

H. S. PRIEST, for the appellant: "If the construction was that which was best adapted for those purposes, in known practical use, at the time the alleged cause of action arose, the duty of the company was performed." — *Fremantle* v. *Railway Co.*, 10 C. B. 95 ; *F. & B. Turnpike Co.* v. *Railroad Co.*, 54 Pa. St. 342 ; Thomp. on Neg. 155 ; *Reed* v. *Morse*, 34 Wis. 315. The instruction in engrafting an additional cause of liability was a departure from the pleadings, and misleading under the evidence, and is erroneous. — *Buffington* v. *Railroad Co.*, 64 Mo. 246 ; *Price* v. *Railway Co.*, 72 Mo. ——.

M. F. TAYLOR, for the respondent, cited : *Kenney* v. *Railroad Co.*, 70 Mo. 246.

BAKEWELL, J., delivered the opinion of the court.

The petition in this case alleges, that defendant, by reason of its negligence in not providing suitable spark arresters, or other safe means of preventing the escape of coals and sparks of fire from its engines attached to its cars operated on defendant's road, did, on August 9, 1881, set fire to, and burn, certain fencing, shade trees, and grass, belonging to plaintiff. The answer was a general denial. The verdict and judgment were for plaintiff.

The plaintiff made out a *prima facie* case, by introducing a witness who testified that he saw the sparks escape from a passing engine of defendant, and set fire to the grass on the side of the track; and that, from thence, the fire spread to plaintiff's premises, and consumed the property in question.

Defendant introduced the engineer who was employed at the time of the fire, upon engine 119, from which the former witness had seen the fire sparks escape. This witness testified, that sparks from this engine set fire to the grass; that the engine was provided with the best known appliances for preventing the escape of sparks, and that all of its machinery was in perfect repair and order at the time, and that the engine was being carefully and skilfully managed by the witness at the time. The witness further testified, that it is impossible, by the use of the best appliances known, to prevent the escape of sparks from locomotive engines.

The inspector of defendant's engines testified, that he had been employed in that capacity by defendant for three years; that he kept a record of all inspections; that he had inspected this engine 119 on the 3rd, 9th, and 18th of August, 1881; that the engine was supplied with the best appliances for arresting sparks, and was, when examined, in perfect order and repair. Witness testified that he was a skilled inspector; and he explained the method of inspection. He said that there was no screen over the smoke-stack, and that the sparks were stopped by the shape of the ———— (a word is here omitted from the transcript). Witness said that he could not say whether an engine carrying a smoke-stack like that of engine 119 would, or would not, emit sparks, and that, outside of the fact that the engine was in good order when examined, he knew nothing about it.

In rebuttal, plaintiff called the engineer, who testified that there was a very heavy grade for a mile at the place of the

accident, and that, at the date of the accident, the same engine within this mile, let out sparks that caused two other fires.

At the instance of plaintiff, the court instructed the jury that they should find for plaintiff, if they believed from the evidence that fire escaped from the engine which communicated to plaintiff's property, unless they further believed from the evidence that the engine was of the most improved pattern, and furnished with the most improved machinery and appurtenances to prevent the escape of fire.

Defendant asked an instruction in the nature of a demurrer to the evidence, which was refused ; and also an instruction, also refused, to the effect, that it had been proved by uncontradicted evidence, that the engine was equipped with the most improved appliances to arrest sparks, and was in good order at the time of the accident, and that they must find for defendant.

The instructions were properly refused.   Plaintiff, having made out his *prima facie* case, was entitled to go to the jury.   The credibility of the witnesses was for the jury.   It is held in Missouri (*Kenney* v. *Railroad Co.*, 70 Mo. 245), if sparks escape through the most improved spark arrester, and careful and competent servants are employed, the inference is not an unreasonable one that the escape of sparks is attributable to carelessness in the management of the train ; and that, therefore, in order to rebut plaintiff's *prima facie* case, defendant is required to prove, not only that he had careful and skilful servants on the engine, but that they were managing it carefully and skilfully at the time.

Appellant contends, however, that there is a variance in this case between the allegations and the proof, if the recovery is put upon the ground of negligence of defendant's servants in running the engine, because the petition seeks to recover on the mere ground of neglect to provide proper spark arresters.   We do not think the petition capable of

any other construction. Originally there was a count setting up negligence in running the train; but this count was stricken out before the trial. The issue as to negligence was confined by the pleadings to the failure to provide "suitable spark arresters or other safe means of prevent-ing the escape of coals and sparks of fire from defendant's engine," and under the pleadings there was no room for the inference that the fire was caused by negligence in the way in which the fires were handled by the men running the engine at the time.

But, the case was not put to the jury by the instructions upon any theory of negligence in running the engine. And we cannot perceive that any error of law was committed. For all that appears, the jury may have found from the fact of the escape of sparks in such quantities or of such size as to set fire to plaintiff's property, that the spark arrester or "means of preventing the escape of coals and sparks," were not of the most improved description. The uncontradicted testimony of defendant's witnesses was, that the machinery was of the most improved pattern; but the jury might take into consideration the physical facts of the case, and were not bound to accept this testimony.

It may be that the trial court, by a fair and reasonable exercise of the right to grant a new trial, might have set aside this verdict; but this was a matter for the trial court, and we cannot set aside the judgment merely because we may think the verdict against the weight of evidence. Appellant complains that the instruction for plaintiff improperly told the jury, that, to warrant a verdict for defendant, it must appear, if plaintiff's evidence was believed, that the "engine was of the most improved pattern." The instruction is to be construed reasonably, and with a view to the evidence. The jury could not have understood this phrase, in the connection in which it was used, as referring to any quality of the engine not connected with the escape of sparks.

It was for defendant to have asked fuller instructions, if those given did not put their theory of the case fully before the jury.

We do not see that any error of law was committed that warrants us in reversing the judgment.

The judgment is affirmed. All the judges concur.