JOHN A. HYDE, Respondent, v. ST. LOUIS BOOK & NEWS COMPANY, Appellant.

St. Louis Court of Appeals, November 13, 1888.

1. **Practice, Appellate : WEIGHT OF EVIDENCE.** An appellate court will not look into the record to determine where the weight of evidence lies.

2. **Business Custom : KNOWLEDGE.** A party is not bound by the private business custom of one with whom he deals, unless it be shown that he had knowledge of such custom at the time of his dealing.

3. **Practice, Trial : INSTRUCTIONS.** It is the duty of counsel to ask for additional instructions, if they desire more explicitness than what appears in those given. If the instructions given are correct, are applicable to the facts, and are not fairly open to misconstruction, there can be no reversal for their want of greater fullness.

*Appeal from the St. Louis City Circuit Court.*—HON.
DANIEL DILLON, Judge.

AFFIRMED.

*Rowe & Morris*, for the appellant.

The instruction given by the court was not warranted
by the facts and was not predicated upon the evidence
in the case. *Musick v. Railroad,* 57 Mo. 134 ; *Newell
v. B. & I. Co.,* 5 Mo. App. 253 ; *Skyles v. Bollman,* 85
Mo. 35 ; *Raysdon v. Trumbo,* 52 Mo. 35 ; *Budd v. Hoff-
heimer,* 52 Mo. 297 ; *White v. Chaney,* 20 Mo. App.
389 ; *Bank v. Overall,* 16 Mo. App. 510. The instruc-
tion given by the court was on the whole case and it
excluded from the jury the consideration of a question
raised by the evidence. Such an instruction is erron-
eous. *Clark v. Hammerle,* 27 Mo. 55 ; *Mansur v. Botts,*
30 Mo. 657 ; *Sheedy v. Streeter,* 70 Mo. 679 ; *Cahn v.
Reid,* 18 Mo. App. 115 ; *Porter v. Harrison,* 52 Mo. 524 ;
*Fitzgerald v. Hayward,* 50 Mo. 516. The verdict is
unsupported by the evidence. *Spohn v. Railroad,* 87
Mo. 74 ; *Borggraeffe v. Supreme Lodge,* 22 Mo. App.
127 ; *Lionberger v. Pohlman,* 16 Mo. App. 392 ; *Friesz
v. Fallon,* 24 Mo. App. 439.

*Robert L. McLaran,* for the respondent.

The instruction given on behalf of plaintiff was not
erroneous. *Sherer v. Rischert,* 23 Mo. App. 275 ; *Beau-
champ v. Higgins,* 20 Mo. App. 515. It is the duty of
counsel to ask instructions embodying their theory of
the case and if they fail to do so the court is not bound
to embody the whole case in one instruction, and if the
instructions given are not full and definite it is the duty
of counsel to ask for further instructions at the trial.
*State ex rel. v. Haase,* 6 Mo. App. 536 ; *Otto v. Railroad,*
12 Mo. App. 168 ; *Brown v. Railroad,* 13 Mo. App. 463 ;
*Campbell v. Railroad,* 16 Mo. App. 553. The fact that
the instruction directed attention to a fact not proven

nor essential to be proven to entitle plaintiff to a verdict, ought not alone to be ground of reversal, when the other facts predicated in the instruction were amply sufficient to support the verdict which the evidence tended to establish. *Gaty v. Sack*, 19 Mo. App. 470.

Peers, J., delivered the opinion of the court.

This suit was originally brought before a justice of the peace in the city of St. Louis, upon the following statement:

"St. Louis, April 7th, 1887. St. Louis Book & News Co. To John A. Hyde, Agt. Dr. For 500 copies of the Inter-State Commerce Bill, with comment and side notes, at 13 cts., $65.00."

The plaintiff had judgment before the justice and the defendant appealed. On the trial before a jury in the circuit court the plaintiff again had judgment for the full amount of his account and the defendant appeals to this court.

The testimony shows that on the sixth of April, the plaintiff took an order from defendant for five hundred copies of the Inter-State Commerce Act, with comments and side-notes by M. F. Taylor, and on the seventh of April the books were delivered to the defendant. The agreed price was thirteen cents per copy, the defendant agreeing to pay for the same on the first of May, 1887. The books were never paid for. There is some conflict of evidence as to whether the books were sold outright to the defendant or "placed on sale" by the plaintiff, and this constitutes the main question in the case. The jury found that there was an unconditional sale, and as they had the witnesses before them, heard their testimony, and had means of determining the credibility of each, which we do not possess, and as there is sufficient evidence in the record to sustain their finding, we do not feel authorized to disturb it on this ground. This court will not look into the record to determine where the weight of evidence lies. *Brown v. Railroad*, 13 Mo. App. 462.

The trial court gave the following instruction which is complained of by the defendant: "The court instructs the jury that if they believe, from the evidence, that the plaintiff delivered to the defendant five hundred copies of the book mentioned in the evidence, to be paid for on delivery, at the rate of thirteen cents apiece, and that plaintiff, at that time, had no knowledge of a custom of the defendant company to take said books on sale only, then they will find for plaintiff."

There was evidence tending to prove that the books were to be paid for on delivery. There was also evidence tending to prove that it was "a custom of the defendant to take said books on sale only," but there is no evidence tending to prove that the plaintiff had knowledge of any such custom. This being true, we think the instruction given by the court was warranted by the facts and was predicated upon the evidence in the case. It is not based on a partial view of the issues and proofs, and was properly given. *Beauchamp v. Higgins*, 20 Mo. App 514.

It is the duty of counsel to ask instructions embodying their theory of the case, if they desire more explicit instructions than those given. If the instructions given are correct, are applicable to the facts and are not fairly open to misconstruction, that they are not more full is no ground for a reversal of the judgment. *Brown v. Railroad*, 13 Mo. App. 462; *Otto v. Railroad*, 12 Mo. App. 168.

We do not see that any error of law was committed that warrants us in reversing the judgment. With the concurrence of the other judges, the same will be affirmed.