Haynes.v. The Town of Trenton.

HAYNES v. THE TOWN OF TRENTON, *Appellant*.

DIVISION TWO.

1.  **Negligence:** INSTRUCTION: VARIANCE.    Where, in a suit for personal injuries, the petition charges that by reason of a defective sidewalk plaintiff was precipitated into a dangerous excavation alongside of it and fractured his leg, and the evidence supports this state of facts and no other, it is error to instruct the

jury that if plaintiff was precipitated or fell from said sidewalk onto some rock in the street he can recover, regardless of the depth of the hole or excavation, or whether there was in fact any such hole or excavation.

2.  ———: ———: ———.  Such instruction permits a recovery for negligence neither pleaded nor proved.

3.  Practice: MOTION FOR NEW TRIAL.  The refusal of an instruction will not be reviewed on appeal where it was not made a ground for a motion for a new trial.

4.  ———: IMPROPER REMARKS OF ATTORNEY.  Where, against defendant's objection and the admonition of the court, plaintiff's attorney in his argument to the jury comments on facts not in evidence, a judgment for plaintiff will be reversed.

5.  ———: EXCESSIVE VERDICT.  A verdict of $6,000 notwithstanding it was afterwards reduced by a *remittitur* to $4,500 *held* excessive in this case.

6.  ———: ———: REMITTITUR.  Where a *remittitur* is entered a new entry of the judgment for the reduced amount should be made.

*Appeal from Mercer Circuit Court.*—HON. G. D. BURGESS, Judge.

REVERSED AND REMANDED.

*R. A. DeBolt, W. E. Clark, O. M. Shanklin, H. J. Alley* and *Geo. Hall* for appellant.

(1) Appellant claims that the fifth instruction, given on behalf of the plaintiff, is erroneous in this: *First.* That it is not in harmony with the issues made by the pleadings, but tenders a new and different issue. *Second.* This instruction is objectionable for the further reason that it is in conflict with, and a contradiction of, the other instructions, especially the second, third, fourth and sixth given on behalf of plaintiff, the eighth given on behalf of appellant and the sixth asked by appellant and modified and given by the court. *Third.* Said instruction is also unsupported by the evidence in the case. *Fourth.* Appellant's sixth

instruction, as asked, conformed strictly to the pleadings and evidence in the case, and should have been given as asked. The testimony all showed that plaintiff got hurt by falling in the hole and getting his foot between two rocks in the bottom of the hole, and there is no evidence or allegation in the pleadings that he got hurt in any other way. Appellant had the right to have this phase of the case placed before the jury in plain and direct terms. *Owens v. Owens*, 22 Iowa, 270; *Cohn v. Reid*, 18 Mo. App. 115; *Ridens v. Ridens*, 29 Mo. 470. ( 2 ) The improper remarks of counsel for plaintiff in his argument to the jury constituted reversible error. *Sidekum v. Railroad*, 93 Mo. 400; *Fathman v. Tumilty*, 34 Mo. App. 236; *Bishop v. Hunt*, 24 Mo. App. 373; *Marble v. Walters*, 19 Mo. App. 134; *Brown v. Railroad*, 66 Mo. 588. ( 3 ) The damages were excessive.

*Harber & Knight* and *Silver & Brown* for respondent.

( 1 ) Plaintiff's fifth instruction conforms to the issues raised by the pleadings, and is, therefore, not open to the objection made by appellant. Even sidewalks are deemed to constitute a part of the streets. The hole was in the street; the plaintiff fell off the sidewalk into the hole; *ergo*, he fell from the sidewalk into the street. 2 Dillon, Mun. Corp. [ 4 Ed.] sec. 780*n*. Again, defendant's own instruction, numbered 4, given for it submits the issue whether or not plaintiff stepped off the sidewalk and was thereby injured. It is, therefore, estopped to complain of plaintiff's instruction in this regard. *M. & C. Co. v. Guggemos*, 98 Mo. 391; *Harrington v. Sedalia*, 98 Mo. 583; *Whitmore v. Knight*, 100 Mo. 36. ( 2 ) Nor is appellant's second point well taken, for the evidence is clearly to the effect that the excavation or hole was in the street adjoining the sidewalk, that there were rocks in its bottom, and that plaintiff fell from said sidewalk into the hole on the rocks,

catching his foot between them, thereby breaking his leg. (3) The authorities cited by appellant in support of the first and second points of its brief, are, therefore, inapplicable to facts of this case, and are irrelevant. (4) Even if the facts as to the pleadings and evidence were as claimed by appellant, yet the variance or divergence between the petition and plaintiff's fifth instruction would be so slight and trivial as not to constitute reversible error. *Reeves v. Larkin*, 19 Mo. 192; *Wise v. Railroad*, 85 Mo. 178; *Dowling v. Allen*, 102 Mo. 213; R. S. 1879, secs. 2096-7. A judgment will be reversed only for errors materially affecting the merits of the action. R. S. 1879, sec. 2303; *Hanford v. Kansas City*, 103 Mo. 172; *Gordon v. Eans*, 97 Mo. 587. (5) The sixth instruction asked by appellant was properly given as modified or amended by the court. *First*. The plaintiff was only required to use ordinary care to avoid the injury. *Craig v. Sedalia*, 63 Mo. 417; 2 Dillon on Mun. Corp. [4 Ed.] sec. 1020. *Second*. The court's modification and change in appellant's instructions, numbered 6 and 10, were entirely proper, and doubtless conceded to be so by appellant's counsel at the time, as they made no complaint of the court's action in this regard in their motion for new trial, and under repeated rulings of this court cannot now complain. *State v. Elkins*, 101 Mo. 344; *State v. Grimes*, 101 Mo. 188; *State v. Rambo*, 95 Mo. 462; *Griffith v. Hanks*, 91 Mo. 109; *Green v. Walker*, 99 Mo. 68; *State v. Burns*, 99 Mo. 471; *Lancaster v. Ins. Co.*, 62 Mo. 121; *State ex rel. v. Rucker*, 59 Mo. 17. (6) The alleged improper remarks of counsel cannot avail appellant. *First*. No exceptions were saved to the same as required by repeated rulings of this court. *State v. Hayes*, 81 Mo. 574; *State v. Pagels*, 92 Mo. 301; *Sidekum v. Railroad*, 93 Mo. 400; *State v. West*, 95 Mo. 139; *Koegel v. Givens*, 79 Mo. 77. *Second*. The argument of counsel is a matter particularly under the control of the trial court, which

hears both sides, and can determine how far the objectionable remarks and illustrations of one side are provoked by those of the other.   This the supreme court cannot do, and ought, therefore, to be very reluctant to reverse in any case on such ground.   In fact, reversing for this reason has been rightly exploded, even in a case involving human life.   *State v. Young*, 105 Mo. 634.  (7) The verdict having been reduced to $4,500 by the *remittitur* is not excessive when taking into consideration the painful and permanent character of the injury, loss of time and medical expenses, etc.   Much larger verdicts for less injuries have been frequently sustained in this court.   *Griffith v. Railroad*, 98 Mo. 168 ($9,000 for broken leg); *Johnson v. Railroad*, 96 Mo. 340 ($5,000 for lost eye); *Gurley v. Railroad*, 104 Mo. 211.

GANTT, P. J.—This is an action for damages alleged to have been caused by the defendant's negligence in maintaining a defective sidewalk and leaving a dangerous excavation alongside of the walk, into which the plaintiff was precipitated, and his leg broken, on the night of the twelfth of January, 1888, about seven o'clock, P. M.

The defense was a general denial and contributory negligence.   The evidence on the part of the plaintiff tended to show that on the evening in question he attempted to pass over a crossing which the city had placed over a ditch dug alongside of the street, and extending under the sidewalk.   He fell over into the hole, and caught his foot between the rocks in its bottom, and broke his leg ; that he was confined to his house two months and more ; that two bones were broken ; that the injury was very painful, and he had not recovered entirely at the trial ; that he was earning $40 a month when hurt; that it was fourteen weeks and five days before he could work.   He also offered evidence tending to show the crossing was out of repair ; that it was springy ; that the hole adjoining and under

the crossing was twenty inches deep, and had loose rock in the bottom; that it was thirty-five inches wide; that the walk had been in this condition for a year prior to the accident; that plaintiff stepped off the boards into the hole.

On the part of the defendant, there was evidence that the plaintiff had made contradictory statements as to how he sustained the injury.

Aaron Bange testified that the plaintiff told him he stepped upon a pile of rock at the end of the sidewalk, and it turned and he fell. He said nothing about a hole. The rock was at the east end of. the crossing. He said the rock turned with him.

Hughes testified that the plaintiff pointed out to him the place he was hurt, and it was ten or fifteen feet *west* of the culvert. Bain and Maggard testified to statements varying from the plaintiff's evidence. As to the cause of the accident, the defendant offered evidence that the plaintiff was looking backwards at a party in a sleigh, and, while so doing, walked off the sidewalk and fell. This was shown both by witnesses who saw him, and by his declarations.

As to the character of injury, Dr. Collier testified he was called to see Haynes; found an injury in his leg. His leg was fractured; the small bone was broken, and a partial fracture of large bone; leg was much swollen; set the bone. It was two months before he got out. The injury, he thought, was permanent. His ankle was stiff before the fracture. On cross-examination, he stated he had not seen the leg before this accident. Could not tell how much of the swelling was caused by the former injury. He said, "You can always detect where a bone has been fractured."

The plaintiff, in his own behalf, said he was wounded in his ankle by a shell in the battle of Glasgow, Missouri, in 1864. The shell injury never hurt him after it got well, save to cause a hitch in his walk.

Ankle was not swollen from shell wound. He contradicted all the witnesses as to his statements. Denied that he told Bitts that he would have a fat thing if he could get damages off the town, his pension and insurance. He had no recollection of having told the surgeons who composed the pension board, when they examined him for a pension, that he experienced no difficulty from the hurt from falling off the sidewalk, and that all his injury came from the shell wound. The accident for which he sued happened January 12, 1888. In May, 1888, he was examined for a pension.

Two of the board, Drs. Patton and Hendrickson, testified that they examined him in May, and his leg was in same condition then as at the trial. The ankle was stiff. Plaintiff told them at that time it was caused by the shell wound at Glasgow in 1864. "I told him," said Dr. Patton, "to draw the line as to how much of the injury belonged to the shell and how much to the breaking of the leg." He said the injury from the break was above the ankle. The damage suit was then pending. He said all the injury to the ankle was caused by the shell. Hendrickson testified to the same statement. Dr. Hendrickson, K. G. Smith, Dr. Buren and Dr. Bristow all testified they had examined the plaintiff's leg, and could find no evidence that the bones had ever been fractured.

The court gave and refused a number of instructions, but it is unnecessary to incumber this opinion with them as the defendant only assigns as error here the giving of the fifth instruction asked by the plaintiff, the refusal of the sixth instruction asked by the defendant, and in modifying and giving the same as amended by the court; misconduct of the plaintiff's attorney, in making statements to the jury not supported by the evidence, in defiance of the admonition of the court, and over objections of the defendant's counsel, and because the verdict is excessive.

I. The plaintiff averred in his petition that he was injured by being precipitated into the unguarded excavation and having his right foot caught between two rocks, and, by reason thereof, his leg was broken. No one saw the accident. So we have the plaintiff's own version of it. He alleged he was hurt in this manner, and he testified on the trial that he was hurt as he had charged it.

In his fifth instruction, he asked the court to charge the jury that, "if the plaintiff, while passing over said walk in the night time and exercising ordinary care, was by reason of said unsafe condition of said walk as aforesaid precipitated or *fell from said walk onto some rock in the street* adjoining said walk by reason of which plaintiff sustained great injury, then the jury should find for the plaintiff the full amount of the injury sustained, and in such case the liability of the defendant does not depend upon the depth of the hole or excavation at the point where plaintiff alleges he was injured or *whether there was in fact any such hole or excavation.*"

Appellant complains that this instruction wholly ignores the issue made by the pleadings. Counsel for plaintiff insists that it was permissible because one ground of the negligence charged was the insecure sidewalk.

The purpose of a petition is to advise the court and the adversary party of plaintiff's claim. This court has always given a liberal construction to pleadings under the code, but it has sternly set its face against the attempt to sue on one cause of action and recover on another. Now, it is apparent to any candid person that plaintiff in his petition intended the court and defendant to understand that he was injured by the concurrence of two negligent omissions of defendant, to-wit, the insecure sidewalk and the dangerous excavation left uncovered by it. It was competent for plaintiff to have simply charged that he, without fault of his own, fell

on account of the defects in the sidewalk, and was injured, and that defendant either knew or was bound to know of this defective condition. But he was not content with this. He charges a distinct negligent omission in leaving the dangerous excavation adjoining it, and informs us that he was not hurt until his foot was caught between rocks in the bottom of that ditch, but, being so caught, he "careened," and his leg was broken. Evidently he meant the court should be advised that he was thus hurt, *and in no other way*, at this place and no other. But he did not stop here. He went upon the stand, and testified to the facts necessary to make this specific case. He then prayed the court to instruct the jury, in effect, that it was unnecessary to find that there was any excavation, or, if there was, whether it was in any sense dangerous. In other words, although no one but himself saw the accident, and he alone testified how it occurred, and his story in his pleading and on the witness stand agreed in all respects, he was unwilling to risk the case, and concluded the jury might find "he fell on some rocks *in the street*," a state of case to which no witness in the case testified, and a fact not stated in his pleadings. We cannot find in this record any evidence upon which to base this instruction, nor can we understand why plaintiff should tender this issue to the jury. It is true, that if he had fallen on rocks in the street, and was thereby hurt as the result of the fall, caused by a negligently constructed sidewalk, such a hurt would have been just as efficacious for a suit of this kind as to have fallen into the excavation ; but the plaintiff assures us "he did *not fall on some* rocks in the *street*," but fell into an excavation at the bottom of which he found a treacherous hole into which his foot was caught, and his leg was broken. Now, unless he was conscious in some way, that the jury would not accept his story, why tender them this new theory in an instruction?

We think the criticism on this instruction is just, because it tenders the jury an issue not in the pleadings, and had no evidence to support it. The only point in its sidewalk defendant was called upon to defend was that portion alongside of a certain excavation. That there was such an excavation stands admitted by all. The necessary effect of this instruction, in the face of this fact, would be to allow the jury to find for plaintiff, if he was hurt at some point where there was no excavation. If so, it was clearly erroneous. If it does mean this, it has no place in the case, and is misleading. Plaintiff made his own case and should recover upon that and no other. *Bank v. Murdock*, 62 Mo. 70 ; *Ely v. Railroad*, 77 Mo. 34; *Waldhier v. Railroad*, 71 Mo. 514; *Price v. Railroad*, 72 Mo. 414; *Edens v. Railroad*, 72 Mo. 212 ; *Gurley v. Railroad*, 93 Mo. 445.

Nor will it do in this case to say that, inasmuch as the court predicated the instruction in part on the defective sidewalk, which was charged in the petition, that would suffice. It must be kept in mind that plaintiff charges the two grounds of negligence as concurring and dependent on each other, and, not only that, he testifies, *they did occur.* How could he ask the court to let him recover irrespective of either? If the jury believed him at all, he was entitled to credit in this case for the whole. He was alone, and had it all his own way.

We have kept constantly in view the rule that only the substance is necessary even at common law to be proven, but that rule never permitted a party to allege and prove one state of facts and recover upon an unproven and distinct state of facts. The instruction was erroneous.

II. As to the second assignment, the refusal of defendant's sixth instruction, it is only necessary to say it is not made a ground for new trial, and cannot be noticed here. Defendant should have given the trial judge an opportunity to correct the error, if any.

III.   Defendant complains, and rightfully, of the conduct of plaintiff's attorney in making statements of facts not in evidence and basing his argument upon his own unsworn statements.   The learned judge certifies to us that, against his admonition and objections of defendant's counsel, made at the time, counsel for plaintiff volunteered the statement to the jury that his witness, Dr. Collier, had, and bore, a good character, and that plaintiff could have, and would have, proven the same, had not defendant objected, and the court excluded it.   We must assume the judge correctly excluded this evidence.   If he had improperly admitted it, it would have been ground for a new trial.   Of what avail is it, then, for courts to exclude illegal and incompetent evidence, if counsel may, under the guise of argument, state the facts that were excluded to the jury, and argue them as if properly in evidence?   And how long will the courts maintain the respect of the bar and the people if counsel may thus defy their rulings?

In this case the counsel went out of the record, charged the defendant with negligence in not maintaining its sidewalks, whereby "a poor darkey" was injured, and stated that the old negro was a cripple for life.   What if he was?   What had that case to do with this?

The disposition of this court is to permit the greatest latitude in the argument of a cause to a jury.   But its disposition is to trust largely to the discretion of the trial courts must not be construed that we will, on that account, tolerate the clear disregard of a litigant's right to have his cause heard and tried according to the law of the land.   The conduct of counsel for plaintiff in making these and other similar statements cannot be excused.   Counsel will not be permitted to wring verdicts from juries by statements of matters extraneous to the record, and rely upon our disinclination to interfere.

We shall do so when the occasion arises, as we think it has here.

IV. We agree with the defendant that the verdict of $6,000 in this case is, under this evidence, excessive. All the plaintiff claimed was that his leg was broken. Five physicians, two of them members of the board of pensions at the trial, upon a personal examination of plaintiff's leg, were unable to discover any evidence of a fracture. His own physician tells us that it is no trouble for a physician or surgeon within a year to detect evidence of fracture.

The fracture was not so severe as to require splints. Plaintiff was kept at home fourteen weeks and five days. Since then he has worked on railroad as brakeman two months after he was hurt. At the time of the trial was working in a coal mine, at work that required him to stand. The pension surgeons testified that he told them he "experienced no inconvenience from the breaking of his leg after it got well."

It is true the record recited that when the motion for a new trial was filed, "at the suggestion of the court, plaintiff remits $1,500 of the verdict and judgment, and the motion is overruled." The judgment was for $6,000. The circuit judge thought the verdict excessive. We think so too. We go further. We still think it excessive at $4,500. It bears the impress of passion or prejudice upon its face. When a *remittitur* is entered, a new entry of the judgment for the amount should be made. We notice this was not done here. Judgment reversed and cause remanded. All concur.