JAMES H. PRUETT, Respondent, v. ROBERT WARREN, Appellant.

**St. Louis Court of Appeals, May 4, 1897.**

**Trial Practice**: PETITION: AMENDMENT SUBSTITUTING DIFFERENT CAUSE OF ACTION.    A petition can not be amended over defendant's objection by substituting a different cause of action from that stated.

*Appeal from the Pulaski Circuit Court.*—HON. C. C. BLAND, Judge.

REVERSED AND REMANDED; Judge BIGGS concurring, Judge BLAND not sitting.

*J. B. Harrison* and *Walker & Jourdan* for appellant.

The court erred in permitting the amendment to be made after judgment.   R. S. 1889, secs. 2097, 2098.

The amendment was erroneously permitted, because it changed the cause of action.   *Whipple v. Peter Cooper Ass'n*, 55 Mo. App. 554; *Price v. R. R.*, 40 *Id.* 189; *Sisney v. Arnold*, 28 *Id.* 568; *Parker v. Rodes*, 79 Mo. 88; *Scoville v. Glasner*, *Id.* 449; *O'Riley v. Diss*, 48 Mo. App. 62; *Haynes v. Trenton*, 108 Mo. 123; *Reed v. Bott*, 100 *Id.* 62; *Sumner v. Rogers*, 90 *Id.* 324.

*C. H. Davis* for respondent.

If defendant was really surprised by the alleged variance, it devolved upon him to so satisfy the trial court. R. S. 1889, sec. 2096.

BOND, J.—The amended petition on which this case was tried alleges that plaintiff held a note for

$835.50, made July 5, 1894, by P. W. Williams, payable to plaintiff's order fifteen months after date, with eight per cent interest, and secured by a mortgage executed by the mortgagor on an undivided one half interest in one hundred and seventy-seven head of cattle; that the note and mortgage were left with the defendant for collection as the agent of plaintiff; that by reason of defendant's negligence there was no collection of the note or enforcement of the mortgage; that defendant negligently permitted the mortgagor to sell the cattle to unknown parties, and without plaintiff's consent satisfied the mortgage and delivered it and the note to defendant; that the property charged with a lien of the mortgage was amply sufficient to satisfy the note. The answer was a general denial. The cause was submitted to the court, a jury being waived.

The testimony adduced by plaintiff wholly failed to prove the cause of action alleged in the petition. It, however, appeared from the evidence of defendant that he had sold a part of the mortgaged cattle and received as the proceeds of such sale $812. At the close of the trial the court, upon defendant's request, declared the law to be that there could be no recovery under the pleadings and evidence; but gave plaintiff permission to amend his petition, and entered up judgment in plaintiff's favor for $430. Thereafter plaintiff amended his petition by writing thereon: "That on August 1, 1895, defendant received 32 head of said cattle and sold the same for $812.00, and converted the proceeds to his own use, one half of which is due this plaintiff with interest thereon, for which he asks judgment."

The defendant preserved exceptions to the ruling of the court permitting the above amendment and to its entry of judgment against him, and among other

grounds of objection to said amendment insisted that it stated a different cause of action from that contained in the petition. Defendant preserved exceptions to an adverse ruling on these points, and after the overruling of his motion for a new trial and in arrest of judgment brought the case here by appeal.

There can be no doubt that the only cause of action stated in the petition on which the trial was had, was one for alleged negligence in failing to collect a note secured by mortgage left with defendant. It is clear that no petition can be amended, over the objection of defendant, by the substitution of a different cause of action from the one stated. The cause of action set forth in the amendment permitted in this case at the close of the trial, is radically and essentially different from the one which defendant was summoned to meet. The first was based upon a mere allegation of negligent failure of duty on the part of an agent entailing a loss upon his principal. The latter charged that the defendant was guilty of a conversion of specific chattels and sought a recovery against him in trover. Under the authorities in this state the statement of the first cause of action could not be changed to the second. *Whipple v. Peter Cooper Ass'n*, 55 Mo. App. *loc. cit.* 558; *Parker v. Rodes*, 79 Mo. 88; *Haynes v. Trenton*, 108 Mo. 123; *Scoville v. Glasner*, 79 Mo. 449; *Sumner v. Rogers*, 90 Mo. 324; R. S. 1889, sec. 2098. In the case at bar there was a total failure of proof of the cause of action contained in the petition, hence it can not be deemed a variance. R. S. 1889, sec. 2238. But even if it were, no amendments in cases of variance can be allowed which "change substantially the claim or defense." R. S. 1889, sec. 2098. Actions arising *ex delicto* are not for that reason interchangeable by amendment. Thus trover can not

<div style="margin-left:2em;font-size:smaller">PETITION: amendment substituting different cause of action.</div>

be changed by amendment to an action for fraud and deceit, nor to an action for malicious attachment. Many other instances might be mentioned, all of which show by analogy that an action for mere negligence can not be changed to one for conversion of specific property. Among other tests useful in determining the difference between two causes of action, are the sameness in both of the character of the evidence and the quantum of damages recoverable. It is obvious that the character of the evidence proper to show the cause of action for negligent failure to collect a note is wholly unlike that which would be necessary to establish a conversion of cattle. Neither would the same amount of damages be recoverable in the two actions. In the one the damages would be measured by the whole or that part of the note lost to plaintiff by the defendant's negligence. In the other case the liability would be for the value of the property at the time of the conversion.

The judgment in this case must be reversed and the cause remanded. It is so ordered. Judge BIGGS concurs in the result; Judge BLAND not sitting.