HELENA CREAMERY COMPANY, Defendant in Error, v. DAVID ATKINSON et al., Plaintiffs in Error.

Kansas City Court of Appeals, December 2, 1901.

1. **Account: SETTLEMENT: TENDER: ACCEPTANCE.** A different rule of law as well as a difference in facts applies when parties have reached a settlement and the debtor gives his check for the agreed balance and where there is an unsettled dispute and the debtor tenders his check for the amount he admitted to be due, which was accepted by the creditor.

2. **Trial and Appellate Practice: NO CHANGE OF THEORY: PLEADING: EVIDENCE.** A party can not present on appeal a theory different from that presented at the trial; nor can he prove one state of facts and recover on another.

Error to Andrew Circuit Court.—*Hon. A. D. Burnes,* Judge.

AFFIRMED.

*Dickson & Dickson* and *Stauber, Crandall & Stropp* for plaintiffs in error.

(1)   A tender must be accepted as made and, if accepted, is an agreement to abide by the tenor and condition of the tender even though the party accepting the tender at the time protests against the conditions.   Adams v. Helm, 55 Mo. 468; Lee v. Dodd, 20 Mo. App. 271; Deutmann v. Kilpatrick, 46 Mo. App. 624; St. Joseph School B'd v. Hull, 72 Mo. App. 403; Fowelee v. Healy, 39 Vt. 522; Potter v. Douglass, 44 Conn. 541.

*J. W. Sullinger* and *Booher & Williams* for defendant in error.

(1)   A party to an action can not be permitted to try a case on one theory below and another theory here.   Whetstone v. Shaw, 70 Mo. 579; Holmes v. Braidwood, 82 Mo. 617; Nance v. Metcalf, 19 Mo. App. 183; Walker v. Owen, 79 Mo. 568; O'Brien v. Loomis, 43 Mo. App. 29; Currier v. Lowe, 32 Mo. 203; Helling v. United Order of Honor, 29 Mo. App. 309.   (2)   Neither does the rule permit a party to allege and prove one state of facts and recover upon an unproven and different state of facts, but he must stand or fall with the case made and no other.   Haynes v. Town of Trenton, 108 Mo. 130; Bank v. Murdock, 62 Mo. 70; Ely v. Railroad, 77 Mo. 34; Waldhier v. Railroad, 71 Mo. 514; Price v. Railroad, 72 Mo. 414.   (3)   The theory of payment in full of a liquidated demand as urged below, and the theory of a tender of a check, "when the amount of the account or

the balance due thereon was in dispute;" "with such acts or declaration as amount to a condition that if the money, if accepted is accepted in full satisfaction," as urged here are distinct theories. 16 Encyclopedia of Pleading and Practice, sec. 2, page 167, and cases cited; 2 Bouvier's Law Dictionary, page 78. Liquidated—"liquidated debt, an ascertained debt, as to amount." South Missouri Land Co. v. Rhodes, 54 Mo. App. 129; Kingston Bank v. Gray, 19 Barb. 459; Thompson v. Kellogg, 23 Mo. 281; Maack v. Schneider, 51 Mo. App. 101; 1 American and English Encyclopedia of Law (2 Ed.), 419; Perkins v. Headley, 49 Mo. App. 556.

ELLISON, J.—This is an action on an account in which the judgment in the trial court was for plaintiff.

It appears, as near as we can gather from a very meager record presented by the abstract (to which alone, under our rules, we must look for a history of the cause and its trial) that in dealings between these litigants an account arose in favor of plaintiff. That afterwards the defendants gave to plaintiff a check for $62.71 which plaintiff accepted, though it is claimed not in full. Afterwards plaintiff brought this suit for $98.59.

The abstract of the testimony, including that presented by plaintiff as additional to that presented by defendants, discloses that the theory upon which the case was tried in the circuit court was that plaintiff and defendants had a settlement in which an agreement was reached that defendants owed plaintiff $62.71 for which sum defendants then gave their check, which was accepted as payment in full. This claim of fact was disputed by plaintiff. Its claim was that the check was only a payment on account and did not include the sum now sued for.

Defendants now present in this court a question not con-
Vol 90 app—26

sidered in the trial court, viz.: that they and plaintiff had a disputed account in which they claimed that there was only $52.71 due plaintiff. That they tendered plaintiff that sum in full. That plaintiff did not agree to defendants' claim, but contended that there was yet more due; at the same time, however, accepting the check which defendants so tendered. Thus undertaking to make a case within the rule stated in St. Joseph School Board v. Hull, 72 Mo. App. 403, where it is held that if one tenders a given amount of money in full of a claim and it is accepted by the other party, though with a denial that it is in full, yet he will be bound by accepting the tender. For, accepting a tender he also accepts the condition accompanying it. This is not the case which we have stated was made by the evidence. Saying that an account has been determined and settled to be a certain sum, which sum was tendered and accepted in full, is altogether different from saying that there was an *unsettled* dispute as to what was due and that defendants tendered the amount due according to their contention, which plaintiff accepted. The two statements differ in their facts and involve different questions of law. It is well settled that a party can not present a theory of appeal different from that presented at the trial; nor can he prove one state of facts and recover on another. Whetstone v. Shaw, 70 Mo. 579; Holmes v. Braidwood, 82 Mo. 617; Walker v. Owen, 79 Mo. 568; Haynes v. Town of Trenton, 108 Mo. 130; Bank v. Murdock, 62 Mo. 70; Ely v. Railroad, 77 Mo. 34; Waldhier v. Railroad, 71 Mo. 514; Price v. Railroad, 72 Mo. 414.

It follows from the foregoing that defendants have no just complaint of the action of the court on their instruction, and the judgment will be affirmed. All concur.