FRANK JONES, Respondent, v. LOOMIS and SNIVELY, Appellants.

Kansas City Court of Appeals, November 9, 1885.

1. ACTION—RECOVERY MUST BE ACCORDING TO CHARACTER OF INJURY—VARIANCE.—A plaintiff suing for a tort, will not be permitted to recover for a breach of contract. In such case there is a fatal variance between the statement and the proof.

2. CONDITION—LICENSE BECAUSE OF PROMISE—WHETHER PRECEDENT OR SUBSEQUENT.—In the case of a license given to use the land of another for certain purposes, as to back water upon it in the building of a dam, on the *condition* of protecting a well against the consequences of overflow, the condition is subsequent and not precedent.

APPEAL from Macon Circuit Court, HON. ANDREW ELLISON, Judge.

*Reversed and remanded.*

Statement of case by the court.

This is an action founded on the following petition:

"Plaintiff complains of the above named defendants, and for his second amended petition states :

"That before and at the time of committing the injuries hereinafter mentioned, the plaintiff was the owner and in the possession of the following described

real estate, being and situate in the county of Macon
and state of Missouri : Lot seventeen (17), East Bevier,
together with the improvements thereon, consisting of a
dwelling house, well and other improvements. That the
defendants were possessed of the premises adjoining
plaintiff's said premises, upon which defendants erected
buildings and machinery for the purpose of digging and
taking out ·coal. That along and through the said
premises of the plaintiff was a creek or branch, which
drained and carried off the water from plaintiff's said
premises. That in the month of October, 1881, the de-
fendants wrongfully erected a dam across said creek to
a great height, and ever since have kept the same up,
and obstructed and stopped the natural flow of the
water, causing a large pond of water, which flowed
on plaintiff's said premises, and which has ever since
remained thereon, to the great injury of plain-
tiff's said premises, by causing the water to back
up and rise over and upon plaintiff's yard, and
around plaintiff's dwelling and into plaintiff's well,
and so remaining thereon and rendering his house
uncomfortable and unhealthy, and greatly diminishing
the value thereof to his damage in the sum of two hun-
dred and fifty dollars, for which he prays judgment."

The plaintiff further complaining of the said de-
fendants, states that he is, and at the time hereinafter
mentioned was, the owner and in possession of the fol-
lowing described property, being and situate in the
county of Macon and state of Missouri : Lot seventeen
(17), East Bevier, together with the improvements
thereon. "That in the month of October, 1881, the said
defendants wrongfully erected a large pond of water in
the vicinity and adjoining plaintiff's premises, which
has ever since remained, to the injury and the nuisance
of the plaintiff, rendering plaintiff's house and premises
uncomfortable and unhealthy, and greatly diminishing
the value thereof, to the damage of plaintiff in the sum
of two hundred and fifty dolllars, for which he prays
judgment."

The answer besides a general denial set up the following defence :

" Further answering, they say that in the summer of 1881, defendants then proposing to build a dam on their own land, in a ravine running through their own land, near Bevier, Macon county, Missouri, for the purpose of supplying their steam engine, located near by ; and then ascertaining that the erection of such a dam or pond would back the water up to and upon the southeast corner of plaintiff's lot, described in the petition, which corner was four or five feet lower than the balance of said lot, the defendants, acting through their agent, informed plaintiff of their purpose to build such pond, and that the water would back up to and upon the corner of said lot, whereupon the plaintiff did then grant to the defendants and gave them permission to back the water upon the corner of his lot, and license and permission to make the pond, and so back the water in the manner proposed, with the further understanding and agreement between plaintiff and defendants, that the defendants should, at their own cost and labor, fill in earth around plaintiff's well, which was located in said ravine, on the southeast corner of his said lot, and raise the walls of said well, and the platform over the same, in such manner as to protect said well against the back water of said pond, to all of which plaintiff consented and agreed, and told defendant's agent to proceed with the work proposed. That the defendants did, upon the faith of such license and consent, at great expense and labor, in pursuance of such agreement and license, fill in earth around plaintiff's well, raised the wall of the well, some four feet high, raised the platform over said well all in such manner as to protect said well from the back water aforesaid. That said pond was built by defendants upon the faith of said license and agreement, and all done with the full knowledge and consent of plaintiff."

Plaintiff replied by a general denial of the answer.

A trial resulted in a verdict for plaintiff on each

count in the petition; one hundred and forty dollars, on the first, and one hundred and sixty dollars on the second. A *remittitur* of sixty-five dollars on the first count was entered by plaintiff.

Defendants appeal.

H. LANDER, for the appellants.

I.  "A license to do a certain act, on the land of another, does not convey any interest in the land, but simply a privilege to be exercised on the land. It may be written or oral. The statute of frauds does not apply to such license in either case." 1 Sugden on Vendors (8 Am. Ed.) 177, note 1. An executed parol license to do acts upon lands, or to use it, from the licensor, where the licensee has expended money or labor on the faith of such license, is not revocable at the will of the licensor. *Baker v. R. R.*, 57 Mo. 255; *Fuhr v. Dean*, 26 Mo. 116; *Buchanan v. R. R.*, 71 Indiana 365; *Beatty v. Gregory*, 17 Iowa 129; *Woodbury v. Parsly*, 7 New Hamp. 237; *Russell v. Hubbard*, 59 Illinois 335. But whether revocable or not, in all cases such parol license is effectual to justify everything done under it. *Baker v. R. R.*, 57 Mo. 365; Goddard on Easements 471.

II.  Plaintiff having declared *in tort*, cannot recover on *contract*. *Harris v. R. R.*, 57 Mo. 308; *Hubbard v. R. R.*, 63 Mo. 68.

III.  The court erred in giving plaintiff's instructions. The issue made by the pleadings, under these instructions was not submitted the to jury. *Ely v. R. R.*, 77 Mo. 34; *Wade v. Hardy*, 75 Mo. 394; *Jones v. Jones*, 57 Mo. 138. And the court erred in refusing defendants' instructions. The remedy was on contract. *Hubbard v. R. R.*, 63 Mo. 68.

V.  The damages are excessive, and the judgment is not sustained by the law or the evidence. 3 Sutherland on Damages, 394–399.

SEARS & GUTHRIE, for the respondents.

I.  Plaintiff sues for flooding his lot, and for creat-

ing a nuisance. The answer is a general denial, and a license as justification. Plaintiff granted a parol license, or bare permission to overflow the corner of the lot in question, on *condition* that they would protect the premises from all damages thereby. The license is clearly conditional; and is inoperative unless the condition is performed. Cooley on Torts, 304; *Pratt v. Ogden*, 34 N. Y. 20; *Freeman v. Headley*, 33 N. J. 523. There is no pretext that the condition was performed on the property protected. The protection was a condition precedent, and the attempt to protect well shows it.

II.    Under a plea of license, the defendant is bound to prove a license *co-extensive* with all the acts of which the plaintiff complains. If *some* of the acts are not covered by the license, the plaintiff will be entitled to damages in respect of them. A license cannot be extended by construction. 1 Addison on Torts, section 447; Cooley on Torts, 305.

III.    The plaintiff's instructions were proper and the defendants' instructions were properly refused; one of them was in the nature of a demurrer to the evidence. *Scoville v. H. & St. Jo. R. R.*, 81 Mo. 439; *Nagel v. Pac. R. R. Co.*, 75 Mo. 665.

Ellison, J.—The petition is squarely case, and not *assumpsit*. There is no intimation of any contract or agreement concerning the actions complained of. On the trial, however, plaintiff offers evidence tending to prove a contract of the import of that set out by defendants in their answer. And the court gave, at his instance, instructions to the jury authorizing a verdict in plaintiff's favor if they believed such agreement was had between the parties, but had not been performed by defendants. Thus plaintiff is permitted to sue for a tort, and recover for breach of contract; this cannot be done, as has been repeatedly held in this state.

Under the evidence and instructions referred to, the

erection of the dam and flooding plaintiff's lot was not "wrongfully," but was by plaintiff's special license and permission. The injury lay in defendants not complying with their contract to protect the well and pay him the damages done. This was a condition subsequent.

In speaking of a matter of this nature the supreme court in *Sandeen v. Ry. Co.* (79 Mo. 278), says: "There is nothing in it (the petition) to indicate that the defendant is called upon to answer for the breach of a promise, the consideration of which flowed from the fruits and benefits of a tort. Under our decisions there would seem to be a fatal variance between the statement and the proof." *Carson v. Cummings,* 69 Mo. 325; *Moore v. Hutchinson,* 69 Mo. 429. "Repeated adjudications of this court, if authority were really needed for so plain a proposition, have established that you cannot sue upon one cause of action and recover upon another." *Clements v. Yeates,* 69 Mo. 623.

A quotation from *Hubbard v. Ry. Co.* (63 Mo. 68, 70), is especially applicable to this case. Judge Napton says, "the petition alleges a wrongful and illegal entry, and the evidence shows an entry by leave, and consequently a legal one; but a failure to comply with the condition on which that leave was granted, a condition which was clearly a subsequent one. That the plaintiff has a cause of action on the testimony as exhibited in the bill of exceptions is most clear; but the allegations in the petition present a cause of action totally different from the one presented by the proof."

Under the pleadings in this case the issue was as to the existence of the contract set out in the defendants' answer; defendants affirmed and plaintiff denied. If defendants sustained their answer by the proof, the building of the dam and flooding the lot was not wrongful, it was especially authorized by plaintiff, and if he wishes to hold defendants for their failure to comply with their agreement, it behooves him to so shape his case in the petition. He "could have stated the facts as they were

and claimed the damages resulting from" defendants' breach. *Hubbard v. Ry. Co., supra,* 71.

We are not unmindful that our opinion in this case is not in harmony with decisions in some other states, notably *Brown v. Bowen* (30 N. Y. 519), and *Freeman v. Headly* (33 N. J. 523). But we believe it to be in line with our own and many other states. This case cannot be distinguished from that of *Baker v. Ry. Co.* (57 Mo. 265), and others following. The conditions here, as in those cases, are clearly subsequent and not precedent. Plaintiff himself states, as shown by the record, "that defendants through their agent agreed to protect the well and premises, against the back water, *or to pay all damages that might be caused thereby."* If the plantiff can maintain the action in its present form, it is likewise his right, or at least would have been, prior to this action, to have the pond abated as a nuisance, yet they and plaintiff have in effect an agreement before the erection of the dam, that if it should turn out to be a "thing that worketh hurt, inconvenience or damage" to plaintiff, they could satisfy him, by paying the "damages that might be caused thereby."

Some questions of license and the power of revocation in the licensor are raised by counsel. If a re-trial necessitates a reference to such questions, they will be found discussed in the case of *House v. Montgomery, ante,* p.—

The judgment is reversed and the cause remanded. All concur.