The Sedalia Gaslight Co. v. Mercer.

---

THE SEDALIA GASLIGHT COMPANY, Appellant, v. WILLIAM R. MERCER, Respondent.

Kansas City Court of Appeals, April 4, 1892.

1. **Pleading:** INSTRUCTION: RECOVERY. An instruction which authorizes the jury to find a verdict on a cause of action not stated in the petition is error, since a party cannot sue on one cause of action and recover on another.

2. **Municipal Corporations:** CONSTRUCTION OF CHARTER POWERS. Municipal corporations possess and can exercise the following powers, and no others: *First*. Those granted in express words; *second*, those necessarily or fairly implied in or incident to the powers granted; *third*, those essential to the declared objects and purposes of the corporation, not simply convenient, but indispensable.

3. ———: THIRD-CLASS CITIES: SEWERS: STATUTE. Under section 1541, Revised Statutes, 1889, a city is not liable to a gas company for interfering with its pipes occasioned by excavations made by a contractor in the construction of a sewer, as the gas company took its contract right to lay its pipes in the public streets subject to the paramount and inalienable right of the city to construct its sewers wherever therein, in its judgment, the public interests demanded.

4. ———— : ———— : INDEMNITY : SEWER TAXES. An ordinance that provides an indemnity out of the fund arising from the sewer tax from damages resulting from sewer construction, by making the sewer contractor liable for such damages, is to that extent invalid, as the city has no power to levy or collect tax to pay the difference between the cost of the sewer with and without the ordinance liability.

*Appeal from the Pettis Circuit Court.*—Hon. RICHARD FIELD, Judge.

AFFIRMED.

*Jackson & Montgomery*, for appellant.

(1) The ordinance in question imposed a duty and obligation upon the defendant and conferred a right upon plaintiff just as though it were a statute law of the state. *Taylor v. Carondelet*, 22 Mo. 110 ; 1 Dillon, Mun. Corp. [ 4 Ed.] sec. 308, and note. The obligation imposed by the ordinance upon the defendant was to be responsible for loss or damage to water or gas pipes and to persons or property arising out of the nature of the work, from the elements or from unseen or unusual difficulties, and a right of action accrued to the defendant when it was shown the pipes had been injured, and it had suffered special damage. Comyn's Dig. on Stat. Frauds ; *Horton v. Ipswich*, 12 Cush. 488 ; *Murrell v. Hampton*, 26 Me. 234 ; *Howe v. Castleton*, 25 Vt. 162 ; *Wilson v. Turnpike Co.*, 21 Barb. 68 ; *Pekin v. Newell*, 26 Ill. 360 ; Cooley on Torts [ 2 Ed.] 701 ; *Iber v. Railroad*, 45 Mo. 474 ; *Lampert v. Gas Co.*, 14 Mo. App. 376 ; *Smith v. St. Joe*, 42 Mo. App. 392 ; *Blunt v. Kansas City*, 84 Mo. 114 ; *Waterworks Co. v. Ware*, 16 Wall. 566 ; *Campbell v. Sugar Co.*, 62 Me. 552. (2) The defendant having assumed such responsibility, he is bound to comply with it, notwithstanding any accident or inevitable necessity. *Hall v. School Dist.*, 24 Mo. App. 219 ; *Harrison v. Railroad*, 74 Mo. 371 ; *Davis' Adm'r v. Smith*, 15 Mo. 469 ; *White*

*v. Railroad*, 19 Mo. App. 400; *Shouse v. Neiswanger*, 18 Mo. App. 250; 2 Parsons on Cont. 184–186; 3 Kent's Com. 467; Hutchinson on Carriers, 317; Angell on Carriers, 294; *Porter v. Steamboat*, 22 Mo. 293.

*Charles E. Yeater* and *Wm. S. Shirk*, for respondent.

(1) The plaintiff's action is based in its petition upon the negligent acts of the defendant in failing to carefully and properly secure its gas pipes while digging a ditch for a public sewer. The court below, in instructing the jury, properly held the plaintiff to prove these allegations of negligence and correctly denied a recovery upon a breach of contract, for the reason that a party cannot sue upon one cause of action and recover upon another. *Price v. Railroad*, 72 Mo. 416; *Link v. Vaughn*, 17 Mo. 585; *Jones v. Loomis*, 19 Mo. App. 239, and cases cited; *Clements v. Yeates*, 69 Mo. 623, and cases cited. (2) It is not within the charter powers of the city of Sedalia, organized under the statutes as a city of the third class, to incorporate in its ordinances or contracts for the building of public sewers provisions of indemnity for the individual benefit of third parties. *Kansas City ex rel. v. O'Connell*, 99 Mo. 359; *Becker v. Water Works*, 79 Iowa, 419; s. c., 44 N. W. Rep. 411; *St. Louis v. Tel. Co.*, 96 Mo. 628. (3) The plaintiff was not entitled to a recovery on the ordinance and contract thereunder, because it was not a privy to the contract between the city and the defendant, and because the provision in question states in express terms its manifest purpose to bind the contractor to indemnify and save harmless the city, and assume all responsibility, and consequently can only be construed in favor of the city, and not for the benefit of third persons. *Ins. Co. v. Water Co.*, 42 Mo. App. 118; *Beck v. Water Co.*, 11 Atl. Rep. (Pa.) 300. (4) The plaintiff took the franchise to lay its pipes in the public streets subject to the paramount and inalienable

right of the city to construct its sewers therein whenever, in its judgment, the public interests demanded, and the plaintiff was, consequently, not entitled to the uninterrupted occupancy of the places where its pipes and mains were laid, and any provision to the contrary, or which imposed by ordinance or contract upon a contractor for the building of a public sewer any responsibility, aside from his acts of negligence, is void as against public policy. *Water Works Co. v. Kansas City*, 28 Fed. Rep. 922.

SMITH, P. J.—The city of. Sedalia, which is organized as a city of the third class under the general statutes, adopted an ordinance establishing a general sewer system for the city and providing for the construction of a public sewer. Among others of the terms and specifications imposed under the city ordinance it was provided that the contractor should be required " to sling, shore up and secure in other places all water and gas pipes in such a manner as to secure them from injury." Under the section in relation to drainage and penalties it provided that the contractor should be liable for all injuries to water and gas pipes and other structures met with in the prosecution of the work, and should be liable for damage to public and private property resulting therefrom, and that the contractor should assume all responsibility for loss and damage or injury to persons and property arising out of the nature of the work, from the action of the elements or from unseen or unusual difficulties. The defendant was awarded the contract for the building of this sewer, and did construct it under the terms of this ordinance from the place of beginning to Lamine and Third streets in said city. Plaintiff was a gas company, and long prior to the passage of this ordinance had laid its mains and service pipes upon the streets in which this sewer was built by virtue of an ordinance conferring upon it that right and privilege.

The plaintiff's petition alleged, and the defendant's answer denied, that "in and about the prosecution of said work by defendant, under the terms of said ordinance, there occurred interference, interruption with, and damage was occasioned to the plaintiff in its said main and service pipes, in that, in excavating for said work, both the main pipes along the line of said sewer were misplaced and broken, and many of said service pipes in like manner broken and injured; that said defendant, and his employes, in and about said work, so carelessly and negligently performed the same, that said pipes were misplaced and broken, and that defendant failed to "sling and shore up and secure" said pipes in their places so as to protect them in the manner provided and required in said ordinance, and the said defendants did not, in the matters aforesaid, do and perform said work in a substantial and workmanlike manner as required as aforesaid. Plaintiff further avers that both in excavating the soil adjacent to, and around, said main and service pipes and in replacing the excavated earth around the same, the defendant was so careless and negligent as to break, injure and damage said pipes in many places; that, by reason of the acts as aforesaid, the plaintiff was greatly damaged in replacing, restoring and protecting said broken and damaged mains and service pipes, and in putting the same in as good condition as they were before being interfered with by the defendant, and that also, by reason of the acts of the defendant aforesaid, there was great waste and loss of illuminating gas escaping from said damaged and broken main and service pipes," etc. The plaintiff introduced evidence tending to show the negligence in its petition alleged.

The plaintiff asked and the court refused to declare the law of the case in its behalf to be as follows: "The court instructs the jury that if you believe from the evidence that the defendant constructed the sewer in question, under the ordinance of June 14, 1887, read in

evidence, then, in undertaking to build the sewer under the terms and provisions of the said ordinance, the defendant became responsible to the plaintiff for all loss or damage and injury occurring to its service pipes or gas mains by reason of the construction of said sewer, either arising out of the nature of the work, from the action of the elements, or from unusual or unforeseen difficulties encountered in the progress of the work, and, if the jury believe from the evidence that damage was done such service pipes or gas mains in the construction of the sewer as aforesaid, not attributable to the fault or neglect of the plaintiff, your verdict and finding must be for the plaintiff. The court instructs the jury that the plaintiff having received from the city the right to lay its gas mains and pipes in the city of Sedalia, and having so laid them and occupied portions of the street therewith, it was entitled to the uninterrupted and undisturbed occupancy of the places where the said pipes and mains were extended and laid at the time of the construction of the sewer, and, if you find said pipes and mains were disturbed, injured or broken by the defendant in the construction of said sewer, and the plaintiff suffered damage thereby, and such damage was not occasioned by any wrongful act or neglect of the plaintiff, your verdict and finding must be for the plaintiff.''

The defendant's instruction informed the jury that, unless they found from the evidence that the injuries of which the plaintiff in its petition complains were occasioned by the negligence of the defendant, that plaintiff was not entitled to recover. The finding of the jury was for the defendant. The judgment was for defendant, from which plaintiff has appealed.

The plaintiff by its appeal has drawn in question the propriety of the action of the trial court in refusing the instruction requested by it. Can the plaintiff's appeal be sustained? As it is our conviction that it cannot, we shall proceed to state as briefly as we can

the reasons supporting that conviction. The petition counts upon the defendant's negligence. That is the sole and only ground upon which a recovery is therein sought. It is true other facts are stated, but only by way of inducement. The issue distinctly made by the pleadings is that of negligence, whether the injuries complained of were occasioned by the negligence of the defendant in the performance of the sewer contract. The plaintiff's refused. instructions do not embrace in their hypotheses of fact the element of negligence. This element is therein wholly ignored. The theory of liability they present is not that stated in the petition. The rule has been long and well settled in this state that an instruction which authorizes the jury to find a verdict on a cause of action not stated in the petition is improper. *Bonitz v. Benton,* 35 Mo. App. 559; *Ely v. Railroad,* 77 Mo. 34; *Price v. Railroad,* 72 Mo. 414; *Edens v. Railroad,* 72 Mo. 212; *Bullene v. Smith,* 73 Mo. 151; *Buffington v. Railroad,* 64 Mo. 246. A party cannot sue on one cause of action and recover on another. *Jones v. Loomis,* 19 Mo. App. 234; *Clements v. Yeates,* 69 Mo. 623; *Link v. Vaughn,* 17 Mo. 585.

In this view of the case the question mostly discussed in the brief of counsel, whether or not it was within the chartered powers of the city to incorporate in its ordinance establishing a general sewer system and providing for the construction thereof provision of indemnity for the individual benefit of third parties, does not arise in the case. But, however this may be, in view of the importance of the question just stated, we deem it our duty to express an opinion in reference to it. Its solution is dependent upon the construction to be placed on section 1541, Revised Statutes, which is as follows: "Public sewers shall be established along the principal courses of drainage, at such times, to such extent, of such dimensions, and under such regulation as may be provided by ordinance, and these may be extensions or branches of sewers already constructed or entirely new

throughout, as may be deemed expedient. The council shall levy a tax on all property made taxable for state purposes over the whole city, to pay for the construction, reconstructing and repairing of such work, which tax shall be called "special public sewer tax," and shall be such amount as may be required for the sewer provided by ordinance to be built; and the fund arising from such tax shall be appropriated solely to the building and repairing of said sewer." The rule has been several times approved and applied by the appellate courts of this state (*Knapp v. Kansas City, ante,* p. 485; *St. Louis v. Tel. Co.,* 96 Mo. 628; *Kansas City v. Swope,* 79 Mo. 446), to the effect that *a municipal corporation possesses and can exercise* the following powers, *and no others: First.* Those granted in express words; *second,* those necessarily or fairly implied in or incident to the powers expressly granted; *third,* those essential to the declared objects and purposes of the corporation, not simply convenient, but indispensable. Any fair reasonable doubt concerning the existence of a power is resolved by the courts against the corporation, and the power is denied." In the light of this rule we are unable to discover that the statute, which is but a provision of the charter of the city, confers the power in question. Sewerage is a matter unquestionably affecting largely the public health. The city could make no contract with the plaintiff, abridging or divesting its full control over such matters. The plaintiff took its contract right to lay its pipes in the public streets subject to the paramount and inalienable rights of the city to construct its sewers wherever therein, in its judgment, the public interests demanded. Although the plaint'ff laid its pipes down in the public streets in the place and manner directed by the city, yet it acquired no such vested right in an undisturbed location and possession that any future trespass upon or invasion thereof like any other attack upon private property would subject the city to an

action of damages. The city could, for the reason already stated, incur no liability for constructing a sewer which would interfere with or compel the relaying of the pipes once laid in the place and manner directed. This statement of the law finds support in *Nat. Water Works v. City of Kansas,* 28 Fed. Rep. 922; *Butcher's Union v. Crescent City,* 111 U. S. 746; *Slaughter House Cases,* 16 Wall. 36. Nor would the city be liable for the negligence of the contractor in the construction of a public sewer. The construction of public sewers where needed is a public duty, and is distinguishable from the work of a private corporation from which a profit is derived. *Blumb v. City of Kansas,* 84 Mo. 112; *Painter v. Pittsburg,* 10 Wright, 213. It is, therefore, plain enough that the city is not liable to the plaintiff for the interference with its pipes occasioned by the excavations made by the defendant as contractor in the construction of the sewer.

And if there is no liability on that account it is quite difficult to understand why the indemnity provision of the ordinance was either essentially or necessarily implied in or incident to the power conferred by its charter provision to establish public sewers. The provisions in the ordinance that the contractor shall assume all responsibility for loss, damage or injury to persons or property arising out of the nature of the work, from the action of the elements, or from unseen or unusual difficulties, is without the chartered grant of powers to the city. This becomes apparent when it is borne in mind that the revenue with which to pay for the construction of the sewer must be raised by the levy of a tax on all property made taxable for state purposes over the whole city, and that the revenue so arising "shall be appropriated solely to the building of said sewer." Now if a contractor must assume the liability imposed by said ordinance as the plaintiff contends then in bidding for the work he must make allowance

The Sedalia Gaslight Co. v. Mercer.

therefor. If he must assume the tremendous responsibility provided by the ordinance of affording indemnity to water, gas, heat, electric light, telephone and telegraph companies where pipes and conduits are interfered with in the building of the sewer,—if he must answer to these private corporations for the action of the elements or from other unseen or unusual difficulties in prosecuting the work, then it is plain that his bid must necessarily be far above what it would be without such extensive liability, or in other words the cost of the sewer must necessarily be increased by the risks of the liability required to be assumed. To what would otherwise be the cost of the sewer must be added a per cent. of cost commensurate with the risk imposed upon contractor by the ordinance. The city under its charter has no power to levy or collect a tax to pay the difference between the cost of the sewer with and without the ordinance liability. The plain and obvious purpose of the ordinance seems to be to provide an indemnity at the public expense by an indirect method from damages resulting from the interferences in the construction of public sewers with the property of private business corporations using the public streets in which such sewers are to be built. The effect of the ordinance is to increase the cost of the construction of sewers in proportion to the extent of the liability it imposes upon the contractor to pay private indemnity. The practical effect of the ordinance is to make the sewer contractor a mere collector of indemnity from the city for the private business corporations for the damages to their property for which the ordinance renders him liable. Thus a revenue which is raised by taxation, and must, under the charter, be appropriated solely to the building of the sewer, is diverted and applied to the payment of the ordinance indemnity. This well and ingeniously devised system for the allowance, collection and payment of the indemnity to third parties, as is provided in this ordinance, is not authorized by any express or implied

grant of power to be found in the charter of the city.
The power to levy a tax to construct a sewer does not
necessarily imply the power to levy a further tax to pay
damages resulting from its construction for which the
city is in no way liable.   The levy of a tax for such a
purpose by the city is the exercise by it of an unauthor-
ized and arbitrary power without the scope of its charter.
Manifestly, it was never the intention of the legislature
to authorize the city by ordinance to levy a tax to raise
a fund to pay damages for so constructing a public
sewer as to interfere with and compel the relaying
of the plaintiff's gas pipes once laid in the place and
manner directed.   The ordinance, so far as it provides
indemnity and the payment of same to the plaintiff
through the defendant as contractor out of the fund
arising from the sewer tax, must be held to be invalid.

It follows, therefore, that the circuit court did not
err in refusing the plaintiff's instructions, and that the
judgment must be affirmed.   All concur.